**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EVANSTON INSURANCE** | § | |
| **COMPANY, INDIVIDUALLY AND** | § | |
| **AS SUCCESSOR BY MERGER TO** | § | |
| **ESSEX INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Civil Action No: 4:20-CV-00103** |
| | § | |
| **TEXAS CONCRETE AND SAND** | § | |
| **GRAVEL, INC. & APCON, INC.** | § | |
| | § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff EVANSTON INSURANCE COMPANY INDIVIDUALLY AND AS SUCCESSOR BY MERGER TO ESSEX INSURANCE COMPANY ("Evanston") files this Original Complaint for Declaratory Judgment against Defendants TEXAS CONCRETE AND SAND GRAVEL, INC. ("Texas Concrete") and APCON, INC. ("Apcon") and alleges as follows:

### I.  NATURE OF THE ACTION

1.    Evanston brings this action to obtain a declaratory judgment that it has no obligation to defend and indemnify its Insureds, Texas Concrete and Apcon, under various Commercial General Liability insurance policies (the "Policies")(Exs. 1 - 7) in connection with claims made against them in a suit styled *Cause No. 2018-66557; John Ellisor v. Hanson Aggregates, LLC, et al;,* In the 11th District Court of Harris County, Texas ("Underlying Suit")(Ex. 8).

## II. THE PARTIES

2.    Evanston is an Illinois corporation with its principal place of business in Illinois.

3.    Texas Concrete is a Texas corporation with its principal place of business in Houston.  It can be served through its registered agent, Somaiah Kurre, at 1017 Wakefield Drive, Houston, Texas 77018.  Summons is requested.

4.    Apcon is an Oregon corporation with its principal place business in Wilsonville, Oregon. It can be served through its registered agent, Scott Kuehns, at 2708 Aspen, McKinney, Texas 75070.  Summons is requested.

## III.  JURISDICTION & VENUE

5.    There exists an actual and justiciable controversy between and among the parties concerning rights and obligations under the Policies with respect to the Underlying Suit.

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because the action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this matter occurred in this District.

8.    In particular, Essex Insurance Company ("Essex" when referenced individually) and Evanston issued the Policies and delivered them to Texas Concrete and Apcon in this District.

## IV. FACTUAL BACKGROUND

### A.    The Underlying Suit

9.    On September 21, 2018, Plaintiffs filed the Underlying Suit, which has now been amended eleven times and includes nearly 500 Plaintiffs and 50 Defendants.  (Ex. 8).

2834739v.2

10.     In the Underlying Suit, Plaintiffs allege Defendants, including Texas Concrete and Apcon, "discharge[d]" processed water, silt, sand, sediment, dirt, rock and other materials into Houston-area waterways going back as far as 1954. (Ex. 8, ¶ 8).

11.     Plaintiffs allege the discharge "dramatically decreased" the capacity of the waterways. (Ex. 8, ¶ 8).

12.     Thus, when Hurricane Harvey hit the Houston area in August 2017, Plaintiffs allege the waterways "simply could not hold the volume." (Ex. 8, ¶ 8)

13.     As a result, Plaintiffs allege their properties flooded, and they "suffered substantial damages." (Ex. 8, ¶ 8).

14.     Plaintiffs further allege the decreased capacity and resulting flooding were "foreseeable" and Defendants had "subjective awareness of the risk involved" yet proceeded with "conscious indifference to the rights, safety, or welfare of Plaintiffs and others." (Ex. 8, ¶ 569).

15.     Plaintiffs also describe Defendants' conduct as "wrongful." (Ex. 8, ¶ 560).

16.     In the Underlying Suit, Plaintiffs assert causes of action for negligence/negligence per se, violations of the Texas Water Code, nuisance, and gross negligence. (Ex. 8, ¶ 568).

17.     Plaintiffs seek compensatory damages, including damages for mental anguish and emotional distress, in excess of $1 million but not more than $100 million. (Ex. 8, ¶ 600).

18.     Plaintiffs also seek punitive damages. (Ex. 8, ¶ 603).

        **B.      The Texas Concrete Policies**

19.     Essex issued Policy 3EC6483 to Texas Concrete providing Commercial General Liability Coverage effective from March 9, 2016 to March 9, 2017.  ("Texas Concrete Essex Policy")(Ex. 1).

20.     Evanston issued Policy 3AA129586 to Texas Concrete providing Commercial General Liability Coverage effective from March 16, 2017 to March 16, 2018.  ("Texas Concrete Evanston Policy")(Ex. 2).

21.     Evanston also issued Policy 3AA172238 To Texas Concrete providing Commercial General Liability Coverage effective from May 7, 2018 to May 7, 2019.  ("Texas Concrete Evanston Renewal Policy")(Ex. 3).

22.     The above policies issued to Texas Concrete are collectively referred to as the "Texas Concrete Policies" and are incorporated here by reference as if set out in their entirety.  (Exs. ___).

23.     The Texas Concrete Policies have limits of $1 million per occurrence and a $2 million general aggregate limit.  (Exs. 1 - 3).

24.     The products and completed operations aggregate limits are included in the general aggregate limits for the Texas Concrete Policies. (Exs. 1 - 3).

25.     The coverage under the Texas Concrete Policies is subject to a combined bodily injury and property damage $2,500 deductible per claim. (Exs. 1 - 3).[1]

26.     The Texas Concrete Policies contain the following key provisions relevant to this action:[2]

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>     a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured*

---

[1] Per Endorsement CG 03 00 01 96, Deductible Liability Insurance, if the deductible amount is on a per claim basis, as here, the deductible applies to "all damages sustained by any one person because of: (1) "Bodily injury"; (2) "Property damage; or (3) "Bodily injury" and "property damage" combined as the result of any one "occurrence."

[2] Language may vary slightly from policy to policy, but it is the same in all material respects unless otherwise indicated.

4

2834739v.2

> *against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.* \*\*\*

> b. *This insurance applies to "bodily injury" and "property damage" only if:*
> *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
> *(2) The "bodily injury" or "property damage" occurs during the policy period;* \*\*\*

*(Ex. 1, TXC000019; Ex. 2, TXC000076, TXC000139).*

> 2. **Exclusions**

> *This insurance does not apply to:*

> a. *Expected Or Intended Injury*
> *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*(Ex. 1, p.20; Ex. 2, TXC000077; Ex. 3, TXC000140).*
\*\*\*
**SECTION V – Definitions**

> 3. *"Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

> 13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

> 15. *"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

*(Ex. 1, TXC000031 – 33; Ex. 2, TXC000088 & 90, TXC000151 & 153).*
\*\*\*

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**
*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*Exclusion f. under Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:*

*This insurance does not apply to:*

*f.     Pollution*
*(1)     "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.*
*(2)     Any loss, cost or expense arising out of any:*
*(a)     Request, demand, order or statutory or regulatory requirement that any insured or        others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*
*(b)     Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of,     "pollutants".*

*(Ex. 1, TXC000042; Ex. 2, TXC000098; Ex. 3, TXC000160).*

\*\*\*

**COMMBINATION GENERAL ENDORSEMENT**

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*A.     Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability… are revised as follows:*
*…*
*2.     The following Exclusions are added:*
*This insurance does not apply to:*
*…*
*Fines, Penalties And Punitive Or Exemplary Damages*
*Fines, penalties, and punitive or exemplary damages, or any expenses or any obligation to share such damages or repay another…*

*(Ex. 1, TXC000048; Ex. 2, TXC000102).[3]*

---

[3] The Texas Concrete Evanston Renewal: MEGL 0001 08 14 p. 1 of 2 (Texas Changes – Fines and Penalties Endorsement MEGL 0309 05 16 deletes references to punitive or exemplary damages.  Thus, the exclusion does not apply under the Texas Concrete Evanston Renewal Policy.

2834739v.2

\*\*\*

**Movement Of Land Or Earth**

*"Bodily injury", "property damage", "personal and advertising injury" or any injury, loss, or damage, including consequential injury, loss or damage, arising out of, caused or contributed to by movement of land or earth regardless of whether it emanates from, is aggravated by, or is attributable to any operations performed by or on behalf of any insured whether the first manifestation occurs during the policy period or prior or subsequent thereto. Movement of land or earth includes instability, subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, rising, tilting, bulging, cracking, mud flow, mudslide, earthquake, shrinking or expansion of ground, slabs, footings, foundations, walls, roofs, floors, ceilings or any other real property or part thereof.*

(Ex. 1, TXC000049; Ex. 2 TXC000103; Ex. 3, 000165).

\*\*\*

**PRE-EXISTING INJURY, LOSS OR DAMAGE EXCLUSION**

*The coverage under this policy does not apply to …"property damage"…or any injury, loss or damage:*
*(A)      which first occurred, began to occur, or is alleged to have occurred prior to, or is alleged to be in the process of occurring or occurring to any degree, as of the inception date of this policy; or*
*(B)      which is caused by or alleged to have been caused by incremental, continuous or progressive damage arising from an occurrence which first occurred, began to occur, or is alleged to have occurred prior to the inception date of this policy.*

*(Ex. 1, TXC000046).*

\*\*\*

**EXCLUSION – CONTINUOUS OR PROGRESSIVE INJURY OR DAMAGE**

*This endorsement modifies insurance provided under the following:*
*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

*The following is added to Paragraph 2. Exclusions under Section I – Coverages, Coverage A – Bodily Injury And Property Damage Liability …:*
*This insurance does not apply to:*
*Continuous Or Progressive Injury Or Damage*
*…"property damage"… which:*

> (1)      First occurred, first began to occur, or is alleged to have first
> occurred;
> (2)      Is alleged to be in the process of occurring to any degree; or
> (3)      Is caused by or alleged to have been caused by incremental,
> continuous or progressive injury or damage arising from an
> "occurrence" ... which first   occurred, began to occur, or is alleged to
> have first occurred, prior to the effective date of this policy.

*(Ex. 2, TXC000104; Ex. 3, TXC000166).*

### C.  Apcon Policies

27.      Essex issued Policy 3DQ3058 to Apcon providing Commercial General Liability Coverage effective from March 6, 2014 to March 6, 2015.  ("Apcon Essex Policy")(Ex. 4).

28.      Essex issued Policy 3DW4490 to Apcon providing Commercial General Liability Coverage effective from March 6, 2015 to March 6, 2016.  ("Apcon Essex First Renewal Policy") (Ex. 5).

29.      Essex issued Policy 3ED8686 to Apcon providing Commercial General Liability Coverage effective from March 6, 2016 to March 6, 2017.  ("Apcon Essex Second Renewal Policy")(Ex. 6).

30.      Evanston issued Policy 3EL2004 to Apcon providing Commercial General Liability Coverage effective from March 6, 2017 to March 6, 2018.  ("Apcon Evanston Third Renewal Policy" (Ex. 7).

31.      The above polices issued to Apcon are referred to collectively as the "Apcon Policies" and are incorporated here by reference as if set out in their entirety.  (Exs. 4 - 7).

32.      The Apcon Policies have limits of $1 million per occurrence and a $2 million general aggregate limit.  (Exs. 4 - 7).

33.      The products and completed operations aggregate limits are included in the general aggregate limits for the Apcon Policies. (Exs. 4 - 7).

34.      The coverage under the Apcon Essex Policy and Apcon Essex First Renewal are subject to

a combined bodily injury and property damage $1,000 deductible per claim. (Exs. 4 & 5). [4]

35.    The Apcon Policies contain the following key provisions relevant to this action:[5]

## SECTION I – COVERAGES
## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

*1.  Insuring Agreement*

*a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. \*\*\**

*b. This insurance applies to "bodily injury" and "property damage" only if:*

*(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

*(2) The "bodily injury" or "property damage" occurs during the policy period;  \*\*\**

*(Ex. 4, APC, 000119; Ex. 5, APC000228; Ex. 6, APC000311; Ex. 7, APC000450).*

*2. Exclusions.*

*This insurance does not apply to:*

*2.      Exclusions*

*This insurance does not apply to:*

*a.      Expected Or Intended Injury*

---

[4] Per Endorsement CG 03 00 01 96, Deductible Liability Insurance, if the deductible amount is on a per claim basis, as here, the deductible applies to "all damages sustained by any one person because of: (1) "Bodily injury"; (2) "Property damage; or (3) "Bodily injury" and "property damage" combined as the result of any one "occurrence."

[5] Language may vary slightly from policy to policy, but it is the same in all material respects unless otherwise indicated.

2834739v.2

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*(Ex. 4, APC000120, Ex. 5, APC000229; Ex. 6, APC000312; Ex. 7, 000451).*

\*\*\*

### SECTION V – DEFINITIONS

*4. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including*
    *death resulting from any of these at any time.*

*13. "Occurrence" means an accident, including continuous or repeated exposure to*
     *substantially the same general harmful conditions.*

*15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

*(Ex. 4, APC000131 & 133, Ex. 5, APC000240 & 242; Ex. 6, APC000323 - 325; Ex. 7, 000462 & 464).*

\*\*\*

### Total Pollution Exclusion Endorsement

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*Exclusion f. under Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:*

*This insurance does not apply to:*

*f. Pollution*

*(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge,*

10

*dispersal, seepage, migration, release or escape of "pollutants" at any time.*

*(2) Any loss, cost or expense arising out of any: (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*

*(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".*

*(Ex. 4, APC000145, Ex. 5, APC000261; Ex. 6, APC000335; Ex. 7, 000475).*
***

### Combination General Endorsement

This endorsement modifies insurance provided under the following:

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

**A. Paragraph 2. Exclusions of Section *I* - Coverage *A* – Bodily Injury And Property Damage Liability and Coverage *B* – Personal And Advertising Injury Liability are revised as follows:**

### Movement Of Land Or Earth

*"Bodily injury", "property damage", "personal and advertising injury" or any injury, loss, or damage, including consequential injury, loss or damage, arising out of, caused or contributed to by movement of land or earth regardless of whether it emanates from, is aggravated by, or is attributable to any operations performed by or on behalf of any insured whether the first manifestation occurs during the policy period or prior or subsequent thereto. Movement of land or earth includes instability, subsidence, settling, sinking, slipping, falling away, caving in, shifting, eroding, rising, tilting, bulging, cracking, mud flow, mudslide, earthquake, shrinking or expansion of ground,  slabs, footings, foundations, walls, roofs, floors, ceilings or any other real property or part thereof.*

*(Ex. 4, APC000155, Ex. 5, APC000266; Ex. 6, APC000340; Ex. 7, 000478).*

### Exclusion – Continuous or Progressive Injury or Damage

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*
*The following is added to Paragraph* ***2.*** *Exclusions under Section* ***I*** *– Coverages, Coverage* ***A*** *– Bodily Injury And Property Damage Liability and Coverage* ***B*** *– Personal And Advertising Injury Liability:*

*This insurance does not apply to:*

*Continuous Or Progressive Injury Or Damage*

*"Bodily injury", "property damage" or "personal and advertising injury" which:*

***(1)*** *First occurred, first began to occur, or is alleged to have first occurred;*

***(2)*** *Is alleged to be in the process of occurring to any degree; or*

***(3)*** *Is caused by or alleged to have been caused by incremental, continuous or progressive injury or damage arising from an "occurrence" or offense which first occurred, began to occur, or is alleged to have first occurred, prior to the effective date of this policy.*

> *(Ex. 7, APC000480).*

\*\*\*

### *Pre-Existing Injury, Loss or Damage Exclusion*

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

*The coverage under this policy does not apply to "bodily injury," "property damage," "personal and advertising injury," or any injury, loss or damage:*

*(A) which first occurred, began to occur, or is alleged to have occurred prior to, or is alleged to be in the process of occurring or occurring to any degree, as of the inception date of this policy; or*

*B) which is caused by or alleged to have been caused by incremental, continuous or progressive damage arising from an occurrence which first occurred, began to occur, or is alleged to have occurred prior to the inception date of this policy.*

> *Apcon Essex First through Third Renewal Policies and Apcon Evanston Fourth Renewal Policy (Exs. _____).*

*(Ex. 4, APC000152, Ex. 5, APC000263; Ex. 6, APC000337).*

12

**D. The Texas Concrete Claims and Coverage Position**

36.    Texas Concrete tendered the Underlying Suit to Evanston on December 11, 2018, and Markel Service, Inc, claim manager for Evanston, acknowledged the claim the same day.  (Ex. 9).

37.    Evanston disclaimed coverage on December 26, 2018.  (Ex. 10).

38.    As the Underlying Suit was amended, mainly to add additional Plaintiffs, Texas Concrete tendered the petitions to Evanston.

39.    Evanston continued to disclaim coverage until the Eighth Amended Petition, at which time, Evanston agreed, in an abundance of caution, to offer a defense under a complete Reservation of Rights dated August 26, 2019.

40.    Most recently, Evanston updated its Reservation of Rights with respect to the Eleventh Amended Petition on December 2, 2019.  (Ex. 11).

41.    The grounds Evanston relied upon for disclaiming coverage/reserving rights are the same grounds upon which it seeks the declarations requested below.

**E. The Apcon Claims and Coverage Position**

42.    Apcon tendered the Underlying Suit to Evanston on October 12, 2018, and Markel Service, Inc, claim manager for Evanston, acknowledged the claim on October 18, 2018.  (Ex. 12).

43.    Evanston agreed to defend Apcon under a complete Reservation of Rights on November 8, 2018.  (Ex. 13).

44.    As the Underlying Suit was amended, mainly to add additional Plaintiffs, Apcon tendered the petitions to Evanston.

45.    Evanston continued to reserve its rights with respect to amended petitions.

46.    Most recently, Evanston updated its Reservation of Rights with respect to the Eleventh Amended Petition on November 22, 2019.  (Ex. 14).

2834739v.2

47.     The grounds Evanston relied upon for reserving its rights are the same grounds upon which it seeks the declarations requested below.

## V.  COUNT ONE – CLAIMS FALL OUTSIDE INSURING AGREEMENTS

48.     Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 - 47of this Complaint.

### A.  Mental Anguish/Emotional Distress Not Bodily Injury

49.     Among other things, the Policies' Insuring Agreements, as set out above, encompass damages for "bodily injury."

50.     The Policies define "bodily injury" as "bodily injury, sickness or disease. . . ."

51.     The Underlying Suit seeks damages for mental anguish and emotional distress.

52.     Mental anguish and emotional distress fall outside the definition of "bodily injury" and, thus, outside the Policies' Insuring Agreements.

53.     No coverage exists for mental anguish and emotional distress.

### B.  Damages Fall Outside Policy Periods

54.     The Policies' Insuring Agreements encompass damages occurring within the respective policy period.

55.     Although Plaintiffs complain of Defendants' conduct dating back to 1954, Plaintiffs' damages first occurred when Hurricane Harvey hit on August of 2017.  (Ex. 8, ¶ 8).

56.     Thus, no coverage exists under the Texas Concrete Essex Policy (effective 03/09/16 – 03/09/17)(Ex. 1).

57.     Further, no coverage exists under the Texas Concrete Evanston Renewal Policy (effective 05/7/18 – 05/07/19)(Ex. 2).

14

58.     Further, no coverage exists under the Apcon Essex Policy (effective 03/06/14 -03/06/15) (Ex. 4).

59.     Further, no coverage exists under the Apcon Essex First Renewal Policy (effective 03/06/15 -03/06/16). (Ex. 5).

60.     Further, no coverage exists under the Apcon Essex Second Renewal Policy (effective 03/06/16 -03/06/17). (Ex. 6).

**C.  There Was No Occurrence.**

61.     The Policies' Insuring Agreements, as set out above, encompass damages caused by an "occurrence" defined as an accident or repeated exposure to the substantially the same general harmful condition.

62.     The Underlying Suit alleges that Plaintiffs' damages were "foreseeable" and Defendants had "subjective awareness of the risk involved" but proceeded with "conscious indifference." (Ex. 8, ¶ 569).

63.     Plaintiffs also describe Defendants' conduct as "wrongful."  (Ex. 8, ¶ 560).

64.     To the extent, Plaintiffs' damages were not caused by an accident, there was no "occurrence," and no coverage.

### VI. COUNT TWO – EXPECTED OR INTNEDED INJURY EXCLUSIONS

65.     Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 - 47 of this Complaint.

66.     The Policies exclude coverage for damages that are expected or intended from the standpoint of the Insureds, as set out above.

2834739v.2

67.     The Underlying Suit alleges that Plaintiffs' damages were "foreseeable" and Defendants, including Texas Concrete and Apcon, had "subjective awareness of the risk involved."  (Ex. 8, ¶ 569).

68.     Plaintiffs also describe Defendants' conduct as "wrongful."  (Ex. 8, ¶ 560).

69.     Thus, to the extent the damages were expected or intended from the standpoint of the Insureds, they are excluded.

## VII. COUNT THREE – TOTAL POLLUTION EXCLUSIONS

70.     Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 - 47of this Complaint.

71.     The Policies' include Total Pollution Exclusions, as set out above, which preclude coverage for damages "which would not have occurred in whole or part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of 'pollutants' at any time."

72.     "Pollutants" are defined in the Policies to include solid and liquid contaminants and waste.

73.     Plaintiffs allege that the discharge of "processed water," "silt," "sand," "sediment," "dirt" and "other materials" into Houston-area waterways by Defendants, including Texas Concrete and Apcon, "dramatically decreased" the capacity of Houston area waterways such that when Hurricane Harvey hit in August of 2017, the waterways "simply could not hold the volume." As a result, the waterways flooded Plaintiffs' property.  (Ex. 8, ¶ 8).

74.     Processed water, silt, sand, sediment, dirt, rock and other similar materials constitute "pollutants."

75.     Plaintiffs' damages would not have occurred in whole or in part but for the discharge of pollutants.

16

76.     Consequently, the Policies' Total Pollution Exclusion precludes coverage.

## VIII.   COUNT FOUR  – EARTH MOVEMENT EXCLUSIONS

77.     Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 47 of this Complaint.

78.     The Policies' Earth Movement Exclusions, as set out above, preclude coverage for property damage contributed to by the movement of land or earth whether the first manifestation of which occurs before, during or after the policy period, including the "shifting," "rising," or "expansion of ground.

79.     Shifting, rising, and/or expansion of ground are inherent in the loss of capacity of the waterways of which Plaintiffs allege in the Underlying Suit Defendants, including Texas Concrete and Apcon, caused.

80.     The entire Underlying Suit is premised on the loss of capacity of Houston-area waterways.

81.     Thus, the Policies' Earth Movement Exclusions preclude coverage.

## IX.     COUNT FIVE – PRE-EXISTING INJURY/CONTINUOUS/PROGRESSIVE INJURY EXCLUSIONS

82.     Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 47 of this Complaint.

83.     The Policies' Pre-Existing Injury/Continuous/Progressive Injury Exclusions preclude coverage for property damage that either first occurred, began to occur, is alleged to have been in the process of occurring, or is caused by "incremental, continuous or progressive" damage "arising from an occurrence" which first occurred or began to occur, prior to the inception of the Policy in question.

84.     The Underlying Suit alleges that Plaintiffs were harmed by Defendants discharge of materials into Houston-area waterways, decreasing their capacity, dating back to 1954, long before

the inception of any of the Policies. (Ex. 8, ¶ 8).

85.    Thus, the Policies' Pre-Existing Injury/Continuous/Progressive Injury Exclusions preclude coverage.

## X.    COUNT SIX – PUNITIVE DAMAGES EXCLUSIONS

86.    Evanston re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 – 47 of this Complaint.

87.    The Texas Concrete Essex Policy and the Texas Concrete Evanston Policy contain Punitive Damage Exclusions, as set out above.[6]

88.     Plaintiffs allege gross negligence and seek punitive damages.

89.    Thus, there is no coverage for punitive damages under the Texas Concrete Essex Policy and the Texas Concrete Evanston Policy.  (Exs. 1 & 2).

## XII.  PRAYER

For the reasons set out above, Evanston respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy as follows:

A.    Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the mental anguish/emotional distress claims asserted against them by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall outside the Policies' Insuring Agreements.

B.    Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and

---

[6] The Texas Concrete Evanston Renewal Policy does not have this Exclusion, nor do any of the Apcon Policies.

APCON, INC. from the claims asserted against them by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall outside the effective periods of the Texas Concrete Essex Policy (effective 03/09/16 – 03/09/17), the Texas Concrete Evanston Renewal Policy (effective 05/7/18 – 05/07/19), the Apcon Essex Policy (effective 03/06/14 -03/06/15), the Apcon Essex First Renewal Policy (effective 03/06/15 - 03/06/16), and the Apcon Essex Second Renewal Policy (effective 03/06/16 - 03/06/17).

C.      Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the claims of intentional or knowing conduct asserted against them by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall outside the Policies' Insuring Agreements because there was no occurrence.

D.      Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the claims asserted against them by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall within the Policies' Expected or Intended Injury Exclusions.

E.      Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the claims asserted against them by Plaintiffs in *Cause No. 2018-*

19

2834739v.2

66557; *John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall within the Policies' Total Pollution Exclusions.

F.     Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the claims asserted against them by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall within the Policies' Earth Movement Exclusions.

G.     Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. and APCON, INC. from the claims asserted against them by Plaintiff sin *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall within the Policies' Pre-Existing Injury/Continuous/Progressive Injury Exclusions.

H.     Plaintiff EVANSTON INSURANCE COMPANY has no duty to defend and/or indemnify Defendant TEXAS CONCRETE SAND AND GRAVEL, INC. from the punitive damage claims asserted against it by Plaintiffs in *Cause No. 2018-66557; John Ellisor, et al. v. Hanson Aggregates, LLC, et al.;* In the 11th District Court of Harris County, Texas to the extent they fall within the Punitive Damages Exclusions in the Texas Concrete Essex Policy (No. 3EC6483) and the Texas Concrete Evanston Policy (No. AA129586).

Evanston further requests any other relief to which it may be entitled and the Court deems appropriate.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Marjorie C. Nicol*
    Marjorie C. Nicol
    Texas Bar No.: 00784684
    Federal Bar No.: 18400
    909 Fannin St., Suite 3300
    Houston, Texas 77010
    Tel:  (713) 353-2050
    Fax:  (713) 785-7780
    Marjorie.nicol@wilsonelser.com

**COUNSEL FOR PLAINTIFF**

2834739v.2